■ In the Matter of EADS ST. CORP. et al., Petitioners, and JOSEPH REALTY Co. et al., Appellants, v TOWN OF BABYLON et al., Respondents. [631 NYS2d 878] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review three resolutions of the Town Board of the Town of Babylon dated June 7, 1994, October 18, 1994, and October 28, 1994, respectively relating to the establishment of a commercial refuse and garbage collection improvement area, the petitioners Joseph Realty Co., World Sanitation Corp, N.P.R. Corp., Paragon Carting Corp., and Steven Joseph appeal from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated November 10, 1994, which *sua sponte* dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The Town of Babylon commenced procedures to establish a commercial refuse and garbage collection improvement area, pursuant to Town Law § 54. Town Law § 54 (3) requires publication of a notice of hearing which recites, *inter alia,* "the proposed method of apportioning the costs of such improvement". Town Law § 54 (4) provides, in relevant part, that "[i]f the town board shall determine, after the hearing * * * that

the proposed method of apportioning the costs of such improvement should be changed, the board shall specify the changes and shall call a further public hearing". In the instant case, a cause of action was properly alleged because the Town of Babylon failed to hold a hearing prior to adopting the resolutions dated October 18, 1994, and October 28, 1994, which altered the method of the apportionment of costs. It was therefore error for the Supreme Court to dismiss the petition. Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.